UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KENNETH MIMS, | : | CIVIL ACTION NO. |
|    Petitioner, | : | 3:14-CV-879 (JCH) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | NOVEMBER 4, 2014 |

**RULING RE: PETITION PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Doc. No. 1)**

Petitioner Kenneth Mims is currently serving a 210-month sentence of imprisonment following his plea of guilty to one count of possession of a firearm by a convicted felon.  See Judgment in a Criminal Case (Doc. No. 1-1).  On September 19, 2008, Mims filed a petition pursuant to section 2255 of title 28 of the United States Code on the basis that his attorney failed to raise certain arguments related to his classification as a career offender at sentencing; the court denied that motion on the merits.  See Mims v. United States, No. 8-cv-1400-JCH, 2009 WL 1992943 (D. Conn. July 9, 2009).

On June 20, 2013, the Supreme Court issued its decision in Descamps v. United States, --- U.S. ---, 133 S. Ct. 2276 (2013).  On June 16, 2014, the Clerk of this court received and docketed the present Petition Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Petition") (Doc. No. 1), which argues, in light of the principles discussed in Descamps, that the court sentenced Mims erroneously.  See Petition at 6–7.

A district court may not consider a "second or successive motion" under section 2255 without authorization from the applicable United States Court of Appeals.  See 28

1

U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3). However, being numerically "second or successive" is not sufficient: only claims "that w[ere], or could have been, raised in an earlier petition" are subject to this requirement of authorization. James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002). Thus, if a prior claim was dismissed without prejudice because premature or if a prior claim did not address the same conviction under attack in a new motion, no authorization is required. See Thomas v. Superintendent/ Woodbourne Corr. Facil., 136 F.3d 227, 229 (2d Cir. 1997).

Mims' claim is addressed to the same conviction as his prior petition, and that prior petition was decided on the merits. The instant Petition appears to be "second or successive" within the meaning of section 2255(h).

The government asks that the court dismiss the Petition outright. See Government's Response to Defendant's Successive Petition Pursuant to 28 U.S.C. § 2255 (Doc. No. 4). However, the only case law authority to which the government cites is Haouari v. United States, 510 F.3d 350 (2d Cir. 2007), which only addresses the merits of how the Second Circuit should address the question whether the motion "contain[s] . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. at 352 (quoting 28 U.S.C. § 2255(h)(2); internal quotation marks omitted). The appropriate course of action here, especially given that "a new action filed by the litigant would be barred as untimely," is to transfer the action to the Court of Appeals for that court to determine whether this court may consider the Petition on the merits. Liriano v. United States, 95 F.3d 119, 122 (2d Cir. 1996). "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by th[e] Court [of Appeals] that is

2

mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice pursuant to [28 U.S.C.] § 1631 . . . ." Id. at 123.

For the foregoing reasons, the Petition (Doc. No. 1) is **TRANSFERRED** to the Court of Appeals for the Second Circuit, with leave to the petitioner to reassert any claims in the Petition in this court only with authorization from the Court of Appeals for the Second Circuit.

**SO ORDERED**.

Dated this 4th day of November 2014 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge